UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YOLANDA ORTIZ RODRIGUEZ, | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:26-CV-01397 |
| | § | |
| PAMELA BONDI, ET AL., | § | |
| *Respondents*. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Yolanda Ortiz Rodriguez, who is currently in the custody of U.S. Immigration and Customs Enforcement (ICE), filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on February 20, 2026.[1] ECF 1. Before the Court is the United States' Response and Motion for Summary Judgment (ECF 8), and Petitioner's Reply to Respondents' Response and Motion for Summary Judgment (ECF 9). Having reviewed the parties' submissions and the law, the Court RECOMMENDS that Respondent's Motion for Summary Judgment be GRANTED and Petitioner's Petition be DENIED with prejudice.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 4.

## I. Background

According to the Petition, Petitioner is a 39-year-old citizen of Mexico who entered the United States in 2000 when she was 14 years old and has lived in the United States continually for approximately 26 years. ECF 1 ¶¶2, 9, 24. Petitioner was involved in a car accident on January 19, 2026 and charged with driving while intoxicated. *Id.* ¶28. She was released on bond by the state court and taken into custody by ICE on January 20, 2026. ICE has been detaining Petitioner at the Montgomery Processing Center since January 20, 2026. *Id.* ¶¶9, 24. ICE has refused to set bond or hold a bond hearing. *Id.* ¶9.

In this case, Petitioner asserts claims for violation of her Fifth Amendment Procedural and Substantive due process rights, violation of the Immigration and Naturalization Act, and violation of the Administrative Procedure Act.[2] *Id.* ¶¶43-74. She seeks a declaration that her detention is unlawful and release from detention, or alternatively a bond hearing under 8 U.S.C. § 1226(a).

---

[2] To the extent Petitioner asserts membership in a nationwide class certified on November 25, 2025, in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), district courts in the Fifth Circuit have consistently ruled that because the "Central District acted beyond its authority, its orders are 'simply void' and cannot bind this Court." *Jandres-Ordonez v. Bondi*, No. 6:25-cv-084, 2026 WL 274493, at *6 (N.D. Tex. Jan. 23, 2026). More recently, a district court held that *Bautista* also is not controlling in light of the Fifth Circuit's ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). *Lopez Romero v. Bradford*, No. CV H-26-0696, 2026 WL 980244, at *1 (S.D. Tex. Apr. 10, 2026).

## II. Legal Standards

### A. Summary Judgment

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833

F.2d 565, 567 (5th Cir. 1987).  However, "[c]onclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

**B. 28 U.S.C. § 2241**

A person in custody in violation of the Constitution or laws or treaties of the United States can seek relief by writ of habeas corpus.  28 U.S.C. § 2241(c)(3). "[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).  District courts have jurisdiction to consider petitions for habeas corpus challenging the legality of the detention of immigrants who do not have lawful status in the United States.  *Rasul v. Bush*, 542 U.S. 466, 473 (2004).

**C. Immigration and Naturalization Act (INA)**

Detention of persons seeking admission to the United States and of those detained pending removal from the United States is governed by 9 U.S.C. §§ 1225 and 1226.  Section 1225(b)(2)(A) requires mandatory detention of "an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted."  Conversely, § 1226(a) governs detention of persons "arrested and detained pending a decision on"

removal from the United States.  Persons detained under § 1226(a) may be released on bond.  8 U.S.C. § 1226(a)(2).

For almost 30 years, the Government treated unadmitted immigrants as subject to § 1226(a) rather than § 1225(b)(2) and routinely released them on bond. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 500 (5th Cir. 2026).  This changed in July 2025 when the Board of Immigration Appeals (BIA) reconsidered the statutory framework and the Government began subjecting persons who entered the United States without inspection and admission to mandatory detention under § 1225(b)(2) regardless of how long they have resided inside the United States. *Id.*  The Fifth Circuit recently held that those present in the United States without admission, such as Petitioner, are "applicants for admission" subject to mandatory detention under § 1225(b)(2).  *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). Therefore, immigrants who have not been legally admitted to the United States cannot seek release from detention or a bond hearing based on the theory that their detention violates the INA.  However, *Buenrostro-Mendez* foreclosed a bond hearing based only on a statutory claim; the Fifth Circuit did not address whether a bond hearing is available based on a possible constitutional claim.  *See id.*; *Morales v. Thompson*, No. SA-26-CA-00870-XR, 2026 WL 911448, at *4 (W.D. Tex. Mar. 25, 2026) (recognizing that *Buenrostro* did not reach the due process issue).

### D. Fifth Amendment Due Process

"[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Thus, due process applies in the context of removal proceedings. *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025).

The Fifth Amendment creates substantive and procedural due process rights. Substantive due process protects "fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition." *Department of State v. Munoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)). The Supreme Court has held that "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003). Thus, immigrants detained pending removal proceedings generally cannot state a claim for violation of substantive due process.

As for procedural due process, "immigrant detainees 'are entitled to notice and opportunity to be heard appropriate to the nature of the case.'" *Leon v. Warden, Joe Corley Det. Cntr.*, No. CV 4:26-1341, 2026 WL 905191, at *3 (S.D. Tex. Apr. 2, 2026) (citing *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025)). An applicant for admission has "only those rights regarding admission that Congress has provided by statute." *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020). However, the Supreme

Court has long acknowledged that "the constitutional sufficiency of procedures provided in any situation, of course, varies with the circumstances." *Landon v. Plasencia*, 459 U.S. 21, 34 (1982) (citations omitted).

Judges in the Southern District of Texas are split on the issue of whether petitioners detained under § 1225(b)(2) can state a due process claim. *Compare Betancourth v. Tate*, No. 4:26-CV-01169, 2026 WL 638482, at \*3 (S.D. Tex. Mar. 6, 2026) *with Canuz Soy v. Blanche*, No. 4:26-CV-02808, 2026 WL 1018345, at \*1 (S.D. Tex. Apr. 15, 2026). Generally, district courts have granted relief where ICE previously released the petitioner from detention and then re-detained the petitioner without a hearing. As District Judge Keith Ellison held in *Betancourth*, "[a]t minimum, the Government may not re-detain those it has previously released under § 1226(a) without an individualized determination that release is no longer appropriate under the terms of that prior release." 2026 WL 638482, at \*3; *see also Perea-Berrio v. Tate*, No. 4:26-CV-01568, 2026 WL 709481, at \*2 (S.D. Tex. Mar. 13, 2026) (reaching same conclusion as *Betancourth*). In such cases, courts have applied the analysis set forth in *Mathews v. Eldridge*, 424 U.S. 319, 334-335 (1976). *Betancourth*, 2026 WL 638482, at \*3 (holding that "[h]aving concluded that Petitioner's prior release under § 1226(a) provides the basis for Petitioner's procedural due process claim, the Court also concludes that the three-part balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d

18 (1976) is the proper framework under which to determine whether Petitioner's due process rights have been violated."); *see also Leon v. Warden, Joe Corley Det. Cntr.*, No. CV 4:26-1341, 2026 WL 905191, at *3 (S.D. Tex. Apr. 2, 2026) (holding "[r]e-detention without notice, despite [petitioner's] compliance with all requirements imposed by the respondents, is punitive and violates [petitioner's] due-process rights," and applying the three-part test from *Mathews v. Eldridge*).

In *Mathews*, the Supreme Court instructed that "[i]n evaluating the procedures in any case, the courts must consider the interest at stake for the individual, the risk of an erroneous deprivation of the interest through the procedures used as well as the probable value of additional or different procedural safeguards, and the interest of the government in using the current procedures rather than additional or different procedures." *Landon*, 459 U.S. at 34 (citing *Mathews*, 424 U.S. at 334-335).

### E. The Administrative Procedure Act (APA)

Section 706(2)(A) of the APA authorizes courts to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." APA claims are permitted only when "there is no other adequate remedy in a court." 5 U.S.C. § 704. Thus, because detainees' claims are cognizable under § 2241, claims that their detention under § 1225(b)(2) violates the APA are barred. Further, to the extent a petitioner's APA claim is based on the contention that detention violates the INA,

such claims are barred by *Buenrostro*, in which the Fifth Circuit held that mandatory detention of immigrants arrested while present in the country is consistent with the INA. 166 F.4th at 502.

### III.  Analysis

Petitioner's claims based on her alleged mischaracterization as a detainee subject to mandatory detention under 8 U.S.C. §§ 1225(b) instead of as a detainee permitted to be released on bond under § 1226(a) are foreclosed by *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).  Petitioner's claims arising under the APA are foreclosed as they are also based on the contention, rejected by the Fifth Circuit, that she should be deemed detained pursuant to § 1226.  Further, Petitioner's substantive due process claim fails because as an immigrant without legal status in the United States she has "no fundamental right to move freely about the country." *Kanda v. Cole*, No. 5:26-CV-158, 2026 WL 1014400, at *2 (S.D. Tex. Apr. 10, 2026) (citing *Demore*, 538 U.S. at 523 and *A.E., v. Powell*, No. 7:26-CV-337-EGL-NAD, 2026 WL 782294, at *6 (N.D. Ala. Mar. 19, 2026)); *Sanchez v. Smith*, No. 4:25-CV-05384, 2025 WL 3687914, at *2 (S.D. Tex. Dec. 19, 2025) (citing *Demore*, 538 US at 526).  Finally, for the reasons discussed below, Petitioner has failed to create a genuine issue of material fact as to her procedural due process claim.

Petitioner lived continuously in the U.S. for approximately 26 years without incident or criminal history until her DWI charge in January 2026.  Along with her

9

husband, who died in 2024, she ran a business and supported her three children, all of whom are U.S. citizens. The Supreme Court has recognized that "once an alien gains *admission* to our country and begins to develop the ties that go with *permanent residence*, [her] constitutional status changes accordingly." *Kanda*, 2026 WL 1014400, at *2 (emphasis in original) (quoting *Landon v. Plasencia*, 459 U.S. 21, 32 (1982)). However, despite her long residency and ties to the community, Petitioner has never gained admission to the United States as defined by *Buenrostro*. *See* 166 F.4th 494, 502 (holding that those present in the United States without admission, regardless of how long they have been in the country, are "applicants for admission" subject to mandatory detention under § 1225(b)(2)). Further, unlike the immigrant in *Betancourth*, Petitioner has not been previously released from detention and thus no basis for application of the *Mathews* factors exists in this case. Under the circumstances presented, Plaintiff cannot state a claim for violation of her due process rights.

## IV.    Conclusion and Recommendation

Based on the foregoing, the Court RECOMMENDS that Petitioner's Petition (ECF 1) be DENIED, Respondents' Motion for Summary Judgment (ECF 8) be GRANTED, and this case be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file

written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 21, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

11