UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YOLANDA ORTIZ RODRIGUEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-01397 |
| | § | |
| PAMELA JO BONDI, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the Court are Petitioner Yolanda Ortiz Rodriguez's Petition for Writ of Habeas Corpus (Doc. #1) and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (the "Motion for Summary Judgment") (Doc. #8). Having considered the parties' arguments and applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Petition for Writ of Habeas Corpus.

Petitioner Yolanda Ortiz Rodriguez ("Petitioner"), a citizen of Mexico, entered the United States without inspection. Doc. #8, Ex. 1 at 2. The Department of Homeland Security ("DHS") subsequently issued a Notice to Appear ("NTA") charging Petitioner with being inadmissible under Sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. *Id.* Petitioner has been in the custody of Immigration and Customs Enforcement ("ICE") since January 20, 2026, and she is currently detained at the Montgomery Processing Center. Doc. #8 at 3; Doc. #1 at 4. Petitioner states that she entered the United States in 2000 and has lived continuously in the United States for twenty-six years. Doc. #1 at 7. She is also the mother of three children, all of whom are United States citizens. *Id.* Petitioner has no criminal convictions. *Id.* at 8. Although

Petitioner was arrested following a January 19, 2026, motor vehicle accident and charged with driving while intoxicated, that charge remains pending. *Id.* Petitioner further notes, and Respondents do not dispute, that she was released on bond pending resolution of her criminal proceedings. *Id.*; *see* Doc. #8.

In the Motion for Summary Judgment, Respondents argue that Petitioner is subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2). Doc. #8. Petitioner disagrees, arguing her continued detention violates her due process rights. Doc. #9 at 2–6. Courts in the Southern District of Texas have held that the continued detention of a noncitizen who has no material criminal history and has not been shown to be a flight risk or danger to the community violates procedural due process. *See Batalla Nava v. Tate*, 4:26-cv-739, 2026 WL 1103033, at *2–4 (S.D. Tex. Apr. 23, 2026); *Reyes Suarez v. Thompson, et al.*, 4:26-cv-678, 2026 WL 1103030, at *2–4 (S.D. Tex. Apr. 23, 2026); *Rodriguez v. Frink*, 4:26-cv-798, 2026 WL 709487, at *8–10 (S.D. Tex. Mar. 13, 2026). The Court sees no reason to reach a different conclusion here.

Accordingly, the Court concludes that Petitioner's detention, without an individualized assessment or opportunity to be heard, violates her right to procedural due process. After reviewing the authorities and the record, the Court determines release is the appropriate habeas relief for the unlawful detention in this case. *See Brown v. Davenport*, 596 U.S. 118, 128 (2022) ("[F]ederal courts may grant habeas relief as law and justice require.") (cleaned up).

For the foregoing reasons, Respondents' Motion for Summary Judgment is DENIED. Doc. #8. Furthermore, Petitioner's Petition for Writ of Habeas Corpus is GRANTED. Doc. #1.

The Court therefore ORDERS as follows:

2

1. Respondents are ORDERED to effectuate Petitioner's immediate release from custody within forty-eight (48) hours of the entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas.

2. Respondents are further ORDERED to inform Petitioner's counsel or Petitioner's next friend of the time and location of her release at least three (3) hours before release.

3. Respondents are further ORDERED to return to Petitioner, at the time of her release from custody, any and all identification documents taken from her at the time of or during detention.

4. Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent a pre-detention hearing before an Immigration Judge at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community.

5. Respondents are further ORDERED to file a status report updating the Court within seventy-two (72) hours of this Order, informing the Court of the status of Petitioner's release.

6. All other pending motions, if any, are DENIED as MOOT.

It is so ORDERED.

__JUL 1 0 2026__

Date

The Honorable Alfred H. Bennett
United States District Judge